UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Benjamin F. Gohlstin, Jr.,** | ) | **CASE NO. 1:15 CV 1489** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **McNulty's Pub,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff Benjamin F. Gohlstin, Jr. filed this action against McNulty's Pub (McNulty's) in Cleveland Heights, Ohio and Cleveland State University ("CSU"). In the Complaint, Plaintiff claims he was sexually assaulted in 2008 or 2010 by McNulty's management and guests, and by CSU's staff and professors. He seeks ten million dollars in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

### BACKGROUND

Plaintiff's Complaint is very brief. In its entirety, it states:

> Benjamin F. Gohlstin, Jr. vs. McNulty's Pub on Coventry Rd. in Cleveland Heights, Ohio was assaulted and sexually assaulted (rectal assault) on or about the year of 2008 or 2010 by the Pub's management and guests. Furthermore, some of Cleveland State University's staff and professors took part in the assault. Furthermore there was an attempted hanging at the establishment as well. Because of the assault I had to seek medical treatment

> and mental health counseling. I believe the assault took place because of past relationships with the Pub's staff and because of past charges that were filed against the parties. The damages that I am seeking are $10 million dollars for the action [sic] that have taken place by the above listed parties.

(ECF No. 1 at 1-2). Plaintiff does not identify a cause of action in his Complaint.

## **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.*  Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."  28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states.  The citizenship of a natural person equates to his domicile.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  The second type of federal jurisdiction relies on the presence of a federal question.  This type of  jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff and all of the Defendants are citizens of Ohio. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-Complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case and none is apparent on the face of the Complaint. He mentions assault, but assault is a cause of action arising under state tort law. Absent a federal cause of action, this Court lacks subject matter jurisdiction over the case.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/16/15